

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 15, 1948

Hon. Bernice R. Johnson, Secretary
Board of Nurse Examiners
Austin, Texas                    Opinion No. V-736

Re: The authority of the
Board of Nurse Examin-
ers to adopt and pre-
scribe examination
questions prepared by
another agency.

Dear Miss Johnson:

Reference is made to your recent request, which reads, in part, as follows:

"We appreciate very much your letter of October 22 replying to our request of October 12, and wish to clarify and re-frame the questions as suggested by you.

"Please understand that this Board recognizes the correctness of your Opinion V-265 and is in complete accord with the principle therein announced that it may not re-delegate official duties to another Agency. This Board has for its purpose the retention of all power and discretion in the prescribing of examination questions for applicants, the grades to be assigned upon all examinations, and the determination of the fitness to practice professional nursing in Texas.

"In order to accomplish this end efficiently, and upon the basis of the highest known professional standards, we desire to make available to the Board of Nurse Examiners and to the examinees all facilities which the Board may consider as beneficial to the nursing profession and for the improvement of professional standards.

"The Board of Nurse Examiners conducts examinations in the months of March and September of each year. It has sought to

incorporate scientific advancements in the field of nursing into the examination questions. One of the most widely acclaimed and recognized sources of information on the subject of nurse examination is the National League of Nursing Education. This organization collects, edits, and makes available to such State Boards of Nurse Examiners as desire to make use of it, matters and information generally suitable for the examination of graduate nurses. The use of the services of this National League of Nursing Education is being urged upon this Board by the schools of nursing within the State of Texas. The Board has decided that it would request a copy of examination questions from the National League of Nursing Education and examine them to determine their fitness in whole or in part for use in Texas for the examination which will be given in March, 1949.

"Question:

"May the Board of Nurse Examiners after study and examination of questions prepared by the National League of Nursing Education adopt one or more of said questions and prescribe them for the examination to be given in March, 1949?

"The Board of Nurse Examiners is informed that the National League of Nursing Education will submit questions to this Board upon answer sheets or cards which may be scored mechanically through a machine. This scoring service may be made available to the Board, which the Board may or may not use for purposes of convenience in grading the examination paper of the applicant.

"Question:

"May the Board of Nurse Examiners, for the examination to be given in March, 1949, use the mechanical scoring service of an examination by the National League of Nursing Education, as a convenience in grading, if the Board, in fact, grades the examination papers,

prescribes the grades given each individual applicant to practice professional nursing, and determines whether or not the result of the examination is satisfactory to the Board of Nurse Examiners?

The factual questions presented here are different from those presented in Opinion No. V-265.

In Vol. I, page 268 of Sutherland Statutory Construction, it is provided that:

"Administrative agencies are purely creatures of legislation without inherent or common-law powers. The general rule applied to statutes granting powers to administrative boards, agencies or tribunals is that only those powers are granted which are expressly or by necessary implication conferred."

Therefore, we must look to those statutes which deal with the powers of the State Board of Nurse Examiners to see if there is any authority for such Board to do those things referred to in your request.

Articles 4514, 4518a and 4519, V. C. S. provide in part, as follows:

Art. 4514:  ". . . The board may make such by-laws and rules as may be necessary to govern its proceedings and to carry into effect the purpose of this law. . ."

Art. 4518a.  ". . . And such graduate upon presenting such certificate to the State Board of Nurse Examiners shall upon the payment of required fees be entitled to take the examinations prescribed by the State Board; and upon making the passing grades prescribed by the Board, shall be entitled to receive from said Board a certificate certifying that such person is a graduate nurse and entitled to practice as a registered nurse in the State of Texas."

Art. 4519.  " . . . A grade of not less than seventy on any one subject shall be required to pass the examination.  The

examination shall be of such character
as to determine the fitness of the appli-
cant to practice professional nursing.
If the result of the examination be sat-
isfactory to the board, a certificate
shall be issued to the applicant, sign-
ed by the president and secretary and at-
tested by the seal of said board, which
certificate shall qualify the person re-
ceiving the same to practice professional
nursing in this State."

Art. 4527, V. C. S., provides, in part, as fol-
lows:

". . . All money so received and
placed in said fund may be used by said
board in defraying its expenses in carry-
ing out the provisions of this law.  No
expenses incurred by said board shall
be paid by the State."

It is stated in Attorney General's Opinion No.
V-265 that:

"Although Article 4514, Vernon's Civ-
il Statutes provides that 'the board may
make such by-laws and rules as may be nec-
essary to govern its proceedings and to
carry into effect the purpose of this law'
it is apparent that the Legislature, in
designating the agency the 'Board of Nurse
Examiners', intended just what the name
implies; that is, that the Board should
examine the applicants for registered
nurse licenses, prescribe the examinations,
determine that the examinations are of such
character as to ascertain the fitness of
the applicants to practice professional
nursing and to supervise generally the
nursing profession.

"The Legislature, in creating the
Board of Nurse Examiners, delegated to
such Board certain functions and in addi-
tion gave it the power to 'make such by-
laws and rules as may be necessary to
govern its proceedings and to carry into
effect the purpose of this law.'  Obvious-
ly, the law was enacted to regulate the
profession of nursing, and it was intend-
ed that the Board should be the agency to
carry out the administration of such law."

Not only do the above quoted statutes impose a duty upon the Board to prescribe the type of examinations as it may deem best in order to determine the fitness of the applicants to practice professional nursing, but it leaves it within the sound discretion and judgment of the Board as to the method of prescribing such examinations as well as grading the examination papers of the applicants.

True, the Board is not authorized to delegate the power of giving such examinations to anyone else.  However, we do not believe that the mere fact that the Board adopts questions prepared by the National League of Nursing Education amounts to a delegation of power.  On the contrary, if the Board thinks that the purpose of the law would be more effectively carried out by conducting such examinations through the method referred to in your request, we believe that it has such power.  Therefore, it is our opinion that both of your questions should be answered in the affirmative.

### SUMMARY

The State Board of Nurse Examiners may use questions prepared by the National League of Nursing Education for the examination of applicants to practice professional nursing. It may also use the mechanical scoring service available in an examination by the National League of Nursing Education as a convenience in grading, if in fact the Board actually prescribes the grades given such applicant to practice professional nursing.  Arts. 4514, 4518a, 4519 and 4527, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*
Bruce Allen
Assistant

BA:mw:jrb

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL